**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lucian G Szanda,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States Food and Drug Administration,<br><br>　　　　　Defendant. | No. CV-20-00071-PHX-MTL<br><br>**ORDER** |

　　　　Defendant United States of America filed a Motion to Dismiss on January 17, 2020. (Doc. 6.) Plaintiff Lucian G. Szanda, pro se, did not timely respond. On March 18, 2020, the Court ordered Plaintiff to file a response no later than April 3, 2020, or else Plaintiff would have "consent[ed] to the … granting of the motion and the Court may dispose of the motion summarily" in accordance with Local Rule of Civil Procedure (LRCiv) 7.2(i). Plaintiff has not filed a response. Plaintiff has also not appeared in this action in any form since its removal on January 10, 2020. (Doc. 1.)

　　　　Pro se litigants including Plaintiff are bound by the same rules of procedure as represented parties. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). LRCiv 7.2(c) provides a plaintiff with 30 days to respond to a motion to dismiss for lack of subject matter jurisdiction. *See* LRCiv 7.2(c), 12.1(b). LRCiv 7.2(i) states, "if the unrepresented party or counsel does not serve and file the required answering memoranda, … such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Failure to follow a district court's

local rules is a proper ground for dismissal. *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). Further, Plaintiff has a general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).

Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to appear in this action since its removal on January 10, 2020, in addition to the failure to comply with the Court's March 18, 2020 Order (Doc. 7), prevents the case from proceeding for the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court previously ordered Plaintiff to respond to the Motion to Dismiss or else face dismissal of the case (Doc. 7), but Plaintiff did not do so. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) of the Federal Rules of Civil Procedure provides that a dismissal for failure to prosecute or to comply with a court order acts as an adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice would be unnecessarily harsh in this case. Therefore, the Court will dismiss the case <u>without</u> prejudice pursuant to Rule 41(b). Accordingly,

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. 6) is **granted**.

///

1 **IT IS FURTHER ORDERED** that this matter is dismissed <u>without</u> prejudice; the
2 Clerk of the Court shall enter judgment accordingly.

3 Dated this 15th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 3 -